CARLOS CORONA
NAME

P-73876
PRISON NUMBER

CALIFORNIA STATE PRISON
P.O BOX 921
CURRENT ADDRESS OR PLACE OF CONFINEMENT

IMPERIAL, CA 92251
CITY, STATE, ZIP CODE

2254 ✓   1983
FILING FEE PAID
Yes ___ No ✓
IFP MOTION FILED
Yes ✓ No ___
COPIES SENT TO
Court ✓  Pros ___

FILED
2007 NOV -5 PM 3: 42
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

CARLOS CORONA
FULL NAME OF PETITIONER
                                        PETITIONER

v.

V.M ALMAGER
NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER (E.G., DIRECTOR OF THE
CALIFORNIA DEPARTMENT OF CORRECTIONS))
                                        RESPONDENT

and

BILL LOCKYER, A.G.
The Attorney General of the State of
California, Additional Respondent.

Civil No. '07CV 2117 BTM   NLS
(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

PETITION FOR WRIT OF HABEAS CORPUS

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

1. Name and location of the court that entered the judgment of conviction under attack: _____
SUPERIOR COURT COUNTY OF SANDIEGO, 220 WEST BROADWAY, SAN DIEGO, CA 92101

2. Date of judgment of conviction: JUNE 23, 2005

3. Trial court case number of the judgment of conviction being challenged: SCD160797

4. Length of sentence: 17 + 25 LIFE (YEARS)

CIV 68 (Rev. Dec. 1998)

K:\COMMON\FORMS\CIV-68.

5. Sentence start date and projected release date: _____ UNKNOW _____

6. Offense(s) for which you were convicted or pleaded guilty (all counts): ATTEMPTED MURDER, WEAPON-USE, GREAT BODILY INJURY, STREET GANG ENHANCEMENTS; (664/187(a),12022.53(d), 12022.7,(a), 186.22(b)

7. What was your plea? (CHECK ONE)
   (a) Not guilty          ☒
   (b) Guilty              ☐
   (c) Nolo contendere     ☐

8. If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)
   (a) Jury       ☒
   (b) Judge only ☐

9. Did you testify at the trial?
   ☐ Yes  ☒ No

**DIRECT APPEAL**

10. Did you appeal from the judgment of conviction in the **California Court of Appeal**?
    ☒ Yes  ☐ No

11. If you appealed in the **California Court of Appeal**, answer the following:
    (a) Result: _____ AFFIRMED _____
    (b) Date of result, case number and citation, if known: JUNE 14, 2006/No. #D047501, SCD 160797
    (c) Grounds raised on direct appeal: THE TRIAL COURT PREJUDICIALLY ERRED WHEN IT DENIED WHEELER-BATSON MOTION IN VIO. OF APPELLANT'S 6TH, 14TH AMDT.; THE TRIAL CT. PREJUDICIALLY ERRED IN DENYING APPELLANT THE RIGHT TO PRESENT DEFENSE WITNESS DELFINA MILLER IN VIOL. 6TH, 14TH AMDT.

12. If you sought further direct review of the decision on appeal by the **California Supreme Court** (e.g., a Petition for Review), please answer the following:
    (a) Result: _____ AFFIRMED _____
    (b) Date of result, case number and citation, if known: NOVEMBER 28, 2006 D047501; SCD160797
    (c) Grounds raised: _____ SAME AS ABOVE _____

13. If you filed a petition for certiorari in the <u>United States Supreme Court</u>, please answer the following with respect to that petition:
    (a) Result: ___N/A___
    (b) Date of result, case number and citation, if known: _____
    (c) Grounds raised: _____

## COLLATERAL REVIEW IN STATE COURT

14. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the <u>California Superior Court</u>?
    ☐ Yes  ☒ No

15. If your answer to #14 was "Yes," give the following information:
    (a) <u>California Superior Court</u> Case Number: _____
    (b) Nature of proceeding: _____
    (c) Grounds raised: _____
    (d) Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes  ☐ No
    (e) Result: _____
    (f) Date of result: _____

16. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the <u>California Court of Appeal</u>?
    ☐ Yes  ☒ No

17. If your answer to #16 was "Yes," give the following information:

    (a) <u>California Court of Appeal</u> Case Number: _____

    (b) Nature of proceeding: _____

    (c) Grounds raised: _____

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes ☐ No

    (e) Result: _____

    (f) Date of result: _____

18. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the <u>California Supreme Court</u>?
    ☐ Yes ☒ No

19. If your answer to #18 was "Yes," give the following information:

    (a) <u>California Supreme Court</u> Case Number: _____

    (b) Nature of proceeding: _____

    (c) Grounds raised: _____

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes ☐ No

    (e) Result: _____

    (f) Date of result: _____

20. If you did *not* file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the **California Supreme Court**, containing the grounds raised in this federal Petition, explain briefly why you did not:

PETITION FOR REVIEW WAS ARGUED STEMMING FROM DIRECT APPEAL
_____
_____
_____

## COLLATERAL REVIEW IN FEDERAL COURT

21. Is this your first federal petition for writ of habeas corpus challenging this conviction?
    ☒ Yes ☐ No   (IF "YES" SKIP TO #22)
    (a) If no, in what federal court was the prior action filed? _____
        (i) What was the prior case number? _____
        (ii) Was the prior action (CHECK ONE):
            ☐ Denied on the merits?
            ☐ Dismissed for procedural reasons?
        (iii) Date of decision: _____
    (b) Were any of the issues in this current petition also raised in the prior federal petition?
        ☐ Yes ☐ No
    (c) If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
        ☐ Yes ☐ No

---

**CAUTION:**
- **Exhaustion of State Court Remedies:** In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present *all* other grounds to the California Supreme Court before raising them in your federal Petition.

- **Single Petition:** If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.

- **Factual Specificity:** You must state facts, not conclusions, in support of your grounds. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do. A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

## GROUNDS FOR RELIEF

22. State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize *briefly* the facts supporting each ground. If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

   (a) **GROUND ONE**: SEE ATTACHED PAGE

   Supporting FACTS (state *briefly* without citing cases or law.)
   SEE ATTACHED PAGE

   Did you raise GROUND ONE in the California Supreme Court?
   ☒ Yes ☐ No.

**ATTACHED PAGE OF 22(a) OF GROUND ONE**

### I.

**THE TRIAL COURT PREJUDICIALLY ERRED WHEN IT DENIED APPELLANT'S WHEELER-BATSON MOTION IN VIOLATION OF APPELLANT'S STATE AND FEDERAL CONSTITUTIONAL RIGHT TO A JURY SELECTED ACCORDING TO NONDISCRIMINATORY CRITERIAL (U.S. CONST. AMENDS. XIV AND VI)**

In his opening brief, appellant claimed that his constitutional rights to a jury selected by non-discriminatory criteria were violated when the prosecutor struck the only two African-Americans in the jury venire. (AOB 26-49.) The reviewing court denied the claim, finding that the trial court could reasonably find there were race-neutral reasons for each challenge. (Opn. pp. 13-18.)

To succeed on a charge of racial bias in the excusal of a juror, a defendant must establish a prima facie case of purposeful discrimination. Batson. to do so, a defendant must show that (1) the prospective juror is a member of a "cognizable racial group," (2) the prosecutor used a peremptory strike to remove the juror, and (3) the totality of the circumstances raises an inference that the strike was motivated by race. (Id. at p. 96.)

Here, the first two elements of the test were met as both the prospective jurors at issue were African-Americans.

Contrary to the intermediate court ruling, the totality of the circumstances also revealed the third element was met.

The two jurors at issue were George O. and Edmund O. George O. was single, with no children, no prior jury experience, no law enforcement ties, worked in the manufacturing sector and believed he could be fair. (2 Aug. RT 27, 44.) Edmund O. was a senior custodian at a college and his wife was employed at the same location as a personnel assistant. His two adult children were unsolved and he also had family members who were in

gangs. (Opn. pp. 13-14.)

Citing problems with George O.'s English-speaking ability and the relative sophistication of the evidence, and Edmund O.'s family member's gang ties, the trial court concluded the prosecutor possessed race-neutral reasons for the exclusion of each juror. (Opn.pp. 14-16.)

The reviewing court agreed. It further ascribed no pretext to the excusals when the prosecutor stated the two jurors, who were seated side by side in the jury box, were "ripe" for removal. )Opn. 16.) And, despite the similarities between seated jurors and two African-Americans, the reviewing court likewise found no discriminatory purpose after a compative jurore analysis. (Opn. pp. 17-18.)

Review should be granted to determine whether an overall assessment of the voir dire herein demonstrates that appellant was denied his right to a jury selected in a non-discriminatory fashion.

### CONT'D OF 22(b) GROUND TWO

### II.

**WHETHER APPELLANT WAS DENIED HIS FIFTH, SIXTH AND FOURTEENTH AMENDMENT RIGHTS WHEN THE TRIAL COURT DENIED HIM THE RIGHT TO SECURE THE PRESENCE OF A CRITICAL DEFENSE WITNESS**

In his opening brief, appellant also argued his due process rights were denied when he was foreclosed from securing the attendance of a defense witness who would have testified to impeach the victim's testimony identifying appellant as the shooter. Specifically, the witness was expected to testify that she saw a man running away from the scene of the shooting and entering an automobile that did not match the description given by the victim. (Opn. pp. 19-25.)

Beliveving this witness was critical, defense counsel, through an investigator, had repeatedly attempted to contact and subpoena the witness based on adddress and location information provided by the prosecution in discovery. As it turned out, this information was

(b) **GROUND TWO:** _____ SEE ATTACHED PAGE _____

_____

_____

Supporting FACTS (state *briefly* without citing cases or law): _____

SEE ATTACHED

_____

[blank lines]

Did you raise GROUND TWO in the California Supreme Court?
☒ Yes ☐ No.

erroneous and the error was not discovered until had started. Complicating the problem was the fact the witness was out of state, a fact known to the prosecution some four or five days before trial but not disclosed to the defense, and her presence could not be secured for trial. (Opn. pp. 19-25.)

The appellate court rejected appellant's claims that his due process rights were affected. It found no **Brady** violation as the prosecution was not required to keep track of a witness for the defense, no cause for a midtrial continuance and no cause for a new trial as no new information was presented. (Opn. pp. 25-30.)

Review is required to determine the prosecution's disclosure obligations regarding the location of any potential witnesses regardless of whether the prosecution ultimately decides not to call such witness and whether a defendant is denied due process when it is prevented from securing the attendance of the only witness in defense of a case of the magnitude herein.

(c) **GROUND THREE:** _____ N/A _____

Supporting FACTS (state *briefly* without citing cases or law): _____

Did you raise GROUND THREE in the California Supreme Court?
☐ Yes ☐ No.

(d) **GROUND FOUR**: _____ N/A _____

Supporting FACTS (state *briefly* without citing cases or law): _____

Did you raise GROUND FOUR in the California Supreme Court?
☐ Yes ☐ No.

23. Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?
    ☐ Yes  ☒ No

24. If your answer to #23 is "Yes," give the following information:
    (a) Name of Court: _____
    (b) Case Number: _____
    (c) Date action filed: _____
    (d) Nature of proceeding: _____
    (e) Grounds raised: _____
    _____
    _____
    _____
    _____

    (f) Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes  ☐ No

25. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
    (a) At preliminary hearing: __UNKNOWN__
    (b) At arraignment and plea: __UNKNOWN__
    (c) At trial: __UNKNOWN__
    (d) At sentencing: __UNKNOWN__
    (e) On appeal: __UNKNOWN__
    (f) In any post-conviction proceeding: __UNKNOWN__
    (g) On appeal from any adverse ruling in a post-conviction proceeding: __UNKNOWN__

26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
    ☐ Yes  ☒ No

27. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    ☐ Yes  ☒ No
    (a) If so, give name and location of court that imposed sentence to be served in the future:
    _____
    (b) Give date and length of the future sentence: _____
    _____
    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    ☒ Yes  ☐ No

28. Date you are mailing (or handing to a correctional officer) this Petition to this court: _____
    _____

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

N/A                                N/A
_____
SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

___9-20-07___          _____Carlos Corona_____
(DATE)                 SIGNATURE OF PETITIONER

CIV 68 (Rev. Dec. 1998)          -11-          00CV2224

## CERTIFICATION

STATE OF CALIFORNIA       )
                          )
COUNTY OF LOS ANGELES     ) SS( CCF 446 & 2015.5 ; 28 U.S.C. 1746 )

I, __CARLOS CORONA__, declare under penalty of perjury that:

I am the __PARTY__, in the above entitled action; I have read the foregoing documents and know the contents thereof: and as to those, I believe them to be true.

Executed this X __20__ day of __SEP 07__, at California State Prison-Lancaster, California 93536-7620

Signature: X _____
( Declarant / Petitioner)

●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●

## PROOF OF SERVICE
[ C.C.F., 446 & 2015.5; 28 U.S.C., 1746]

I, __CARLOS CORONA__, am a resident of California State Prison - in the County of Los Angeles, I am over the age of eighteen (18) and AM/ AM NOT a party of the above-entitled action. My State Prison address is: 44750 60th Street West; Lancaster, California 93536-7620.

On __SEP 20__, 2007           I served the following documents:

__PETITION FOR WRIT OF HABEAS CORPUS 28 U.S.C. § 2254__

( Set forth the exact title of document(s) served )

On the party(ies) herein by placing a true copy(ies) thereof, enclosed in sealed envelope(s), with postage thereon fully paid, or with a Trust Withdrawal Slip (CDC-190) attached thereof, in the United States Mail, in the manner provided by at the California Lancaster, California 93536-7620; addressed as follows:

CLERK OF U.S. DISTRICT COURT          BILL LOCKYER
ROOM 4290                             ATTORNEY GENERAL
880 FRONT STREET                      P.O. BOX 85266
SAN DIEGO, CA 92101-8900              SAN DIEGO, CA 92186-5266

There is delivery service by the United States mail at the place so addressed and / or there is regular communication by mail between the place of mailing and the place addressed. I declare under penalty that the foregoing is true and correct.

Dated: __SEP 20 07__,           X _____
                                Declarant / Petitioner

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

Carlos Corona

FILING FEE PAID
Yes ☐ No ☒

IFP MOTION FILED
Yes ☐ No ☒

COPIES SENT TO
Court ☒ PSC ☐

**DEFENDANTS**

VM Almager, et al

2007 NOV -5 PM 3:42

SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Imperial
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Carlos Corona
PO Box 921
Imperial, CA 92251
P-73876

**ATTORNEYS (IF KNOWN)**

'07 CV 2117 BTM    NLS

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX (For Diversity Cases Only) FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

28 U.S.C. 2254

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 315 Airplane Product Liability | | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (13958) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | LABOR | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☒ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appelate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

DEMAND $

Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions): JUDGE _____ Docket Number _____

DATE    November 5, 2007

SIGNATURE OF ATTORNEY OF RECORD

R. Mull