UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS CORONA,<br><br>                         Petitioner,<br><br>   v.<br><br>A. M. ALMAGER, Warden, et al.,<br><br>                         Respondents. | Civil No.   07cv2117-BTM (NLS)<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND NOTICE OF POSSIBLE DISMISSAL OF PETITION FOR FAILURE TO SATISFY FILING FEE REQUIREMENT** |

Petitioner, a state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). According to Petitioner's prison trust account statement, he has a $13.50 balance in his account. The filing fee associated with this type of action is $5.00. See 28 U.S.C. § 1914(a). It appears Petitioner can pay the requisite filing fee. Accordingly, the Court **DENIES** the request to proceed in forma pauperis.

Moreover, this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis. See Rule 3(a), 28 U.S.C. foll. § 2254. *Accordingly, Petitioner is notified that in order to avoid dismissal of his case, he must either pay the $5.00 filing fee or submit adequate proof of his inability to pay the filing fee no later than December 31, 2007.* If Petitioner does not pay the $5.00 filing fee or submit adequate proof of his inability pay the fee by **December 31, 2007**, his case will be dismissed without prejudice, and he will

have to begin again by filing a new petition which may be barred by the statute of limitations.[1] The Clerk of Court shall send Petitioner a blank Southern District of California in forma pauperis form along with a copy of this Order.

**IT IS SO ORDERED.**

DATED: November 9, 2007

Honorable Barry Ted Moskowitz
United States District Judge

---

[1] The Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West 2006).

The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); see Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), cert. denied, 529 U.S. 1104 (2000). But see Artuz v. Bennett, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."); Bonner v. Carey, 425 F.3d 1145, 1149 (9th Cir.) (holding that a state application for post-conviction relief which is ultimately dismissed as untimely was neither "properly filed" nor "pending" while it was under consideration by the state court, and therefore does not toll the statute of limitations), as amended 439 F.3d 993, cert. denied, 127 S.Ct (2006). However, absent some other basis for tolling, the statute of limitations continues to run while a federal habeas petition is pending. Duncan v. Walker, 533 U.S. 167, 181-82 (2001).